DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By: ILAN STEIN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2525
Facsimile: (212) 637-2786
E-mail: ilan.stein@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
IN RE:                                        :        DECLARATION OF
                                              :        ILAN STEIN
LETTER ROGATORY FOR              :
INTERNATIONAL JUDICIAL          :
ASSISTANCE FROM THE CIVIL       :        M 93
TRIAL COURT NO. 75 BUENOS AIRES, :
ARGENTINA, IN THE MATTER OF     :
DIANA CAROLINA WAHRLICH, ET AL. :
v. DIEGO FERNANDO RIVERO         :
                                              :
--------------------------------------------------------x

I, Ilan Stein, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am an Assistant United States Attorney in the Office of the United States

Attorney for the Southern District of New York, counsel for the United States of America (the

"Government").  I make this declaration upon information and belief based upon the attached

exhibits and communications with personnel in the United States Department of Justice, to which

a letter rogatory has been transmitted for execution.  I make this declaration in support of the

Government's request, pursuant to 28 U.S.C. § 1782(a),[1] for an order appointing me as a

Commissioner for the purpose of obtaining information from Bank of New York Mellon.

---

[1] Section 1782(a) provides, in pertinent part, as follows:

2.        In connection with a proceeding captioned "Diana Carolina Wahrlich, et al. v. Diego Fernando Rivero," pending in the Civil Trial Court No. 75, Buenos Aires, Argentina (the "Argentine Court"), the Argentine Court issued a letter rogatory seeking information from Bank of New York Mellon. A true and correct copy of the letter rogatory (with certain information redacted in this publicly filed version for reasons of protecting personal privacy) is attached hereto as Exhibit A. The information redacted in Exhibit A will not be redacted from the version of the letter rogatory that will be served on Bank of New York Mellon.

3.        An undated draft of a subpoena (again with certain private information redacted), addressed to Bank of New York Mellon, Attention: Subpoena Compliance Department, 240 Greenwich Street, New York, NY 10286, which the Government intends to serve upon my appointment as Commissioner, is attached hereto as Exhibit B.

4.        To assist the Argentine Court in obtaining the requested information, I

---

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

respectfully request that this Court appoint me as Commissioner as proposed in the *ex parte* Order attached hereto as Exhibit C. No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

WHEREFORE, the United States respectfully requests that this Court enter the attached Order.

Dated: New York, New York
May 13, 2022

 /s/  ILAN STEIN
ILAN STEIN
Assistant United States Attorney

# Exhibit A

TRADUCCIÓN PÚBLICA --------------------------------------------------------------------

CERTIFIED TRANSLATION --------------------------------------------------------------------

LETTER ROGATORY --------------------------------------------------------------------

[*At the top of each front page there appear the Argentine Coat of Arms and a legend that reads:*] Judicial Branch of Argentina. Civil Trial Court N.° 75. --------------------------------------

[*At the top of each front page and in between all the pages, there appears a seal with the Argentine Coat of Arms that reads:*] Civil Trial Court N.° 75  in and for the City of Buenos Aires. --------------------------------------------------------------------

[*In between all the pages, there appear an illegible signature and a seal that reads:*] MARÍA JOSÉ ALONSO. Clerk of Court. --------------------------------------------------------------------

[*At the bottom of each page, there appears a barcode:*] #35741395#318266093#20220310121646677. --------------------------------------------------------------------

LETTER ROGATORY --------------------------------------------------------------------

JUDGE VIRGINIA SIMARI, SITTING IN CIVIL TRIAL COURT N.° 75 IN AND FOR THE CITY OF BUENOS AIRES, SINGLE CLERK'S OFFICE IN CHARGE OF MARÍA JOSÉ ALONSO, Esq., located at Av. de los Inmigrantes 1950, ground floor, City of Buenos Aires, Argentine Republic, Tel.: 4130-6092, email: jncivil75@pjn.gov.ar. --------------------------------

PRESENTS ITS COMPLIMENTS TO THE APPROPRIATE JUDICIAL AUTHORITY IN CIVIL MATTERS IN AND FOR THE CITY OF NEW YORK, UNITED STATES OF AMERICA. -------

GREETINGS. --------------------------------------------------------------------

In the case captioned **"WAHRLICH, DIANA CAROLINA Y OTRO c/ RIVERO, DIEGO FERNANDO, S/ SUCESION AB-INTESTATO s/ MEDIDAS PRECAUTORIAS. Case N.° 61188/2021** ("WAHRLICH, DIANA CAROLINA ET AL. vs. RIVERO, DIEGO FERNANDO. INTESTACY SUCCESSION - PRECAUTIONARY MEASURES". CASE N.° 61188/2021), pending before this Court, this Letter Rogatory has been ordered to be issued so that the Judicial Authority in Civil Matters shall, in accordance with the legal proceedings currently in

1

force, require **The Bank of New York Mellon,** with address at <u>240 Greenwich Street, New York, NY 10286, United States of America</u>: (i) to submit report on any existing funds and/or balances -as at the date of reception of the Letter Rogatory- in bank account N.° ▮▮▮▮▮, BRANCH 021000018, owned/held by Mr. Diego Fernando Rivero, with registered domicile at 20533 Biscayne Blvd Suite 107, Aventura FL 33180-1529; (ii) to submit to the case file pending before this Court copy of banking statements of year 2020 and 2021, with detail of all debits and/or credits, and/or any other transaction of said account, as at the date of reception of the Letter Rogatory; (iii) to inform whether said account has any other joint-holders, besides Mr. Diego Fernando Rivero, and submit detailed data to individualize their identities; (iv) to inform whether in that institution Mr. Diego Fernando Rivero and/or any other joint-holders of the account, have acquired other financial products, equity interest, equity, loans to third parties, etc., providing detailed data of those products, shareholdings, amounts and quotes; (v) to inform about the existence of any investment of any type whatsoever in the name of/held by Diego Fernando Rivero in that institution; (vi) to inform whether any withdrawal and/or any other banking transaction were made related to Diego Fernando Rivero after 04/12/2021 and, in that case, to provide details of the type, amount, and destination of the transactions, with identification of the brokers involved. ------------------

<u>Be it known:</u> (a) Financial institution: The Bank of New York Mellon, with address at 240 Greenwich Street, New York, NY 10286, United States of America; (b) Account owner/holder and/or agent, and/or beneficiary, and/or authorized person, and/or manager, and/or any other person in any other capacity acting for Mr. Diego Fernando Rivero, with domicile at Av. Del Libertador 2630, Piso 5 "A", City of Buenos Aires, ID [DNI] N.° ▮▮▮▮▮, born on ▮▮▮▮▮ ▮▮▮▮▮, who does not have domicile in the United States of America, and does not have a Social Security Number in said country. ----------------------------------------------------------------

<u>Transcription of the court decision ordering the issuance hereof</u>: "In Buenos Aires, on February 20, 2021. In response to the petition, for the same purposes and effects as

2

provided for in item A) of procedural order dated on August 20, 2021, it is hereby ordered that a Letter Rogatory be issued to The Bank of New York Mellon [...]." Signed: Virginia Simari, Judge.---------------------------------------------------------------------------------------------------

"In Buenos Aires, on August 20, 2021 [...] in accordance with section 209 of the Procedural Code, under responsibility of the former and prior personal recognizance, which is deemed to have been fulfilled with the appearance before this Court, it is hereby ordered that an attachment in the amount of USD 756,000 (Seven hundred, fifty-six thousand United States Dollars), and USD 378,000 (Three hundred seventy-eight thousand United States Dollars) as interest and legal costs, be levied upon: A) the funds deposited in bank account No. _____ with JP Morgan Chase Bank N.A., provided it is in the name of JP Morgan Chase Bank N.A., and Jefferies LLC; to submit reports about any other accounts or any other products which may be held by Diego Fernando Rivero. To that end, it is hereby ordered that a Letter Rogatory be issued, listing the persons authorized to take care of the processing thereof [...] E) Further, a Letter Rogatory be issued to JP Morgan Chase Bank N.A. and Jefferies LLC, to submit reports about any other accounts or any other products which may be held by Diego Fernando Rivera [...]" Signed: Virginia Simari, Judge. ---------------------------

Plaintiff: (i) Diana Carolina Wahrlich, ID [DNI] N.° _____, with domicile at Echeverría 1950, Ingeniero Maschwitz, Escobar, Province of Buenos Aires, Argentina, and (ii) Marhild Margarita Rauert, ID [DNI] N.° _____, with domicile at Serrano 911, Boulogne, San Isidro, Province of Buenos Aires, Argentina. -------------------------------------------------------

Defendant: (i) "Rivero, Diego Fernando on Intestacy Succession" Case N.° 44187/2021 and/or his heirs and/or successors in any capacity, who might have any right or interest in the estate of Mr. Diego Fernando Rivero. ------------------------------------------------------------

Purpose and nature of the case: It is a procedure in connection with precautionary measures (attachments), requested by the Plaintiffs in order to preserve their credit rights and claims, grounded on Mr. Diego Fernando Rivero's failure to comply with his obligations. ---------------

3

It is hereby stated that this Court and the Clerk's Office has subject-matter, territorial and original jurisdiction over this case. ------------------------------------------------------------------------------

This Letter Rogatory is issued in accordance with: (i) Section 132 of the Civil and Commercial Procedural Code of the Argentine Republic; and (ii) the Inter-American Convention on Letters Rogatory – Panama, 1975; and (iii) the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, 1970, (passed under Law 23480 of the Argentine Republic)..------------------------------------------------------------------------------

Authorization to serve this Letter rogatory by diplomatic channels is hereby granted to Miguel Angel Carchio, and/or José Luís Tamagnini, and/or Hernán Miguel Zaballa, and/or Facundo Federico Frúgoli, and/or Jacinto Tyrrell and/or Magdalena Lucía Zaballa, and/or any other designee.------------------------------------------------------------------------------

Therefore, this Court requests the Judicial Authority in Civil Matters in and for the City of New York, United States, to faithfully execute this Letter Rogatory, and offers to provide assistance in similar cases when requested.------------------------------------------------------------------------------

Signed, sealed and delivered in my capacity as Judge, in the City of Buenos Aires, Argentine Republic, on March 10, 2022. ------------------------------------------------------------------------------

[There follow two illegible signatures and seals, below which there appear the following printed names:] VIRGINIA SIMARI, Judge; MARÍA JOSÉ ALONSO, Clerk of Court. ------------------------------------------------------------------------------

Valid signature. Digitally signed by MARIA ALONSO; Date: 2022.03.10; 12:17:50 ART.-------------------------------------------------------------------------------

Valid signature. Digitally signed by VIRGINIA SIMARI; Date: 2022.03.10; 16:50:26 ART. ------------------------------------------------------------------------------

4

THIS IS A TRUE AND ACCURATE TRANSLATION into English of the attached document in Spanish, which I have had before me. In Buenos Aires, Argentina, March 17, 2022. This translation comprises five (5) pages and was digitally signed. ----------------------------------------

[For certification purposes only:]----------------------------------------------------------------------

ES TRADUCCIÓN FIEL al idioma inglés del documento adjunto redactado en idioma español que tuve ante mí y al cual me remito, en Buenos Aires, Argentina, a los 17 días del mes de marzo de 2022. Esta traducción consta de cinco (5) páginas y fue firmada digitalmente. ----------------------------------------------------------------------------------



MARÍA ESTHER FERNÁNDEZ
TRADUCTORA PÚBLICA EN IDIOMA INGLÉS
MAT. T° XXII F° 104 C.A.B.A.
INSCRIPCIÓN C.T.P.C.B.A. N° 8707

Digitally signed by
FERNÁNDEZ Maria
Esther
Date: 2022.03.17
18:19:46 -03'00'
Adobe Acrobat
version:
2022.001.20085





# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

El COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES, en virtud de la facultad que le confiere el artículo 10 inc. d) de la Ley 20305, certifica que el/la Traductor/a Público/a **FERNÁNDEZ, MARÍA ESTHER**

cuya firma digital consta en la traducción pública adjunta, se encuentra matriculado/a en esta institución en el idioma **INGLÉS [TOMO 22 - FOLIO 104]**

Asimismo, se deja constancia de que el/la profesional está habilitado/a por esta institución para firmar documentos en su calidad de Traductor/a Público/a.

Firmado digitalmente por: **DUARTE, MATÍAS GERMÁN**

Identificador de legalización:

Ciudad Autónoma de Buenos Aires, **18/03/2022**

**Departamento de Legalizaciones**
Firma de Traductor Legalizada

Firmado digitalmente por DUARTE Matias German
Fecha: 2022.03.18 14:57:42 -03'00'

Legalización firmada digitalmente conforme a la Ley 25506, a la Ley 2751 y sus reglamentaciones complementarias.

ESTA LEGALIZACIÓN NO IMPLICA JUICIO ALGUNO SOBRE EL CONTENIDO DE LA TRADUCCIÓN PÚBLICA Y SERÁ VÁLIDA ÚNICAMENTE SI ESTÁ FIRMADA DIGITALMENTE POR LA PERSONA DEBIDAMENTE AUTORIZADA POR EL CTPCBA.

Para verificar documentos digitales, ingrese a:
https://firmar.gob.ar/validar.html
Para saber cómo visualizar la totalidad de los documentos embebidos en este archivo .pdf, ingrese a:
https://www.traductores.org.ar/matriculados/firma-digital/
Para verificar la validez de esta legalización, ingrese a:
https://www.traductores.org.ar/publico/como-verifico-una-legalizacion-digital/

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas.



**Colegio de Traductores Públicos**
de la Ciudad de Buenos Aires

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Buenos Aires Sworn Translators Association), by Argentine law No. 20305 section 10(d), I hereby CERTIFY that the Certified Translator whose digital signature is affixed on the document attached hereto is registered with this Association. This certification does not imply any opinion on the contents of the translation and will be valid only if digitally signed by the duly authorized signatory of the CTPCBA.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20305, CERTIFIE que le Traducteur/Traductrice Officiel/le, dont la signature numérique est apposée sur le document ci-joint, est inscrit/e à cette Institution. Cette légalisation n'implique aucun avis sur le contenu de la traduction et ne sera pas valable sans la signature numérique du fonctionnaire habilité par le CTPCBA.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Ordine dei Traduttori abilitati della Citta di Buenos Aires) , in virtù delle facoltà conferite dall'articolo 10, lettera d) della legge 20.305, CERTIFICA che la Traduttrice Giurata/il Traduttore Giurato, la cui firma digitale si riporta sul documento allegato, è registrata/o presso questo Ente. Questa legalizzazione non prevede alcun giudizio sul contenuto della traduzione e non sarà valida senza la relativa firma digitale del funzionario autorizzato dal CTPCBA.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, CERTIFICA que a Tradutora Pública/o Tradutor Público cuja assinatura digital consta no documento anexo, está inscrita/o nesta instituição. Este reconhecimento não diz a respeito do conteúdo da tradução e não será válido sem a assinatura digital correspondente ao funcionário habilitado pelo CTPCBA.

COLEGIO DE TRADUCTORES PUBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Kammer der vereidigten Übersetzerinnen und Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr gem. Art. 10 Abs. d) des Gesetzes Nr. 20.305 zustehen, bescheinigt diese Kammer hiermit lediglich, dass die vereidigte Übersetzerin bzw. der vereidigte Übersetzer, deren/dessen digitale Signatur auf vorstehend beigefügter Urkunde gesetzt ist, dieser Berufskammer angehört. Diese Beglaubigung bezieht sich nicht auf den Inhalt der Übersetzung und ist nur mit der entsprechenden digitalen Signatur der bzw. des von der CTPCBA ermächtigten Bestätigungsbefugten gültig.

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas.





Poder Judicial de la Nación

JUZGADO CIVIL 75

## EXHORTO

De la Dra. Virginia Simari, Juez a cargo del Juzgado Nacional de Primera Instancia en lo Civil N° 75, Secretaría Única a cargo de la Dra. María José Alonso, sito en la Av. de los Inmigrantes 1950, planta baja, Ciudad Autónoma de Buenos Aires, República Argentina, teléfono: 4130-6092, correo electrónico: jncivil75@pjn.gov.ar.

Al Sr. Juez en materia Civil que corresponda, con jurisdicción y competencia en Estado de Nueva York, Estados Unidos.

**SALUDA, EXHORTA Y HACE SABER** que ante el mencionado Juzgado a mi cargo, tramitan los autos caratulados: **"WAHRLICH, DIANA CAROLINA Y OTRO c/ RIVERO, DIEGO FERNANDO S/ SUCESION AB-INTESTATO s/ MEDIDAS PRECAUTORIAS" EXPEDIENTE N° 61188/2021,** en el marco de los cuales he resuelto el libramiento del presente exhorto a fin de que Vuestra Señoría, de acuerdo con los procedimientos legales vigentes, exhorte al banco **The Bank of New York Mellon,** sito en <u>240 Greenwich Street New York, NY 10286, Estados Unidos</u>, a los fines de que: i) remita informe sobre los montos y/o saldos existentes -a la fecha de recepción del exhorto- en la cuenta bancaria N° ▮▮▮▮▮▮, SUCURSAL 021000018, de titularidad del Sr. Diego Fernando Rivero con domicilio registrado 20533 Biscayne Blvd Suit 107 Aventura FL 33180-1529; (ii) remitan al expediente copias de los extractos bancarios de los años 2020 y 2021, donde consten todos los ingresos y/o egresos y/o movimientos en la cuenta antes referida, hasta la recepción del exhorto; (iii) informen si la mencionada cuenta posee otros titulares además del Sr. Diego Fernando Rivero, aportando detalladamente los datos que permitan individualizar su identidad; (iv) informen si en su entidad existen otros productos financieros contratados por el Sr. Diego Fernando Rivero y/o cotitulares de la cuenta, participaciones accionarias, equity, préstamos a terceros, etc.

#35741395#318266093#20220310121646677

brindando con rigor de detalle los datos de identificación de dichos productos, tenencias, montos y cotizaciones; (v) informe la existencia de toda inversión de titularidad del Sr. Diego Fernando Rivero existente bajo la órbita de la entidad, bajo la modalidad que fuere; (vi) informe si hubo retiros y/o movimientos bancarios correspondientes al Sr. Diego Fernando Rivero, posteriores al 12/04/2021 y en su caso, bajo que formas, cuál fue el destino y quiénes fueron los operadores.

Se hace constar lo siguiente: a) Datos de la entidad: The Bank of New York Mellon, sito en 240 Greenwich Street New York, NY 10286, Estados Unidos; b) Datos del titular y/o apoderado y/o beneficiario y/o autorizado y/o administrador y/o cualquier otro carácter: Sr. Diego Fernando Rivero, con domicilio en Av. del Libertador 2630, piso 5°, departamento "A", Ciudad Autónoma de Buenos Aires, Documento Nacional de Identidad N° ▮▮▮▮▮▮▮▮, fecha de nacimiento ▮▮▮▮▮▮▮ ▮▮▮▮▮, quien no posee domicilio en Estados Unidos y no posee número de Seguridad Social en dicho país.

Transcripción de la resolución que ordena el libramiento del presente: "Buenos Aires, 20 de febrero de 2021.- En atención a lo solicitado, a los mismos fines y efectos que el ordenado en el punto A) del proveído del 20 de agosto del 2021, líbrese exhorto a The Bank of New York Mellon (...)." Fdo.: Dra. Virginia Simari, Juez.

"Buenos Aires, 20 de agosto de 2021... de conformidad con lo dispuesto por el art. 209 del Cód. Procesal, bajo responsabilidad de aquellas y previa caución juratoria, la que se tiene por cumplida con la presentación a despacho, trábese embargo preventivo por la suma de u$s 756.000 con más la de u$s 378.000 en concepto de intereses y costas sobre: A) los fondos depositados en la cuenta bancaria N° ▮▮▮▮▮▮▮ radicada ante el JP Morgan Chase Bank N.A., siempre que se encuentre a nombre de JP Morgan Chase Bank N.A. y Jefferies LLC remitan informes acerca de otras cuentas o productos que pudieran existir de titularidad de Diego Fernando Rivero. A tal fin,




líbrese exhorto, en el que se hará constar las personas autorizadas para su diligenciamiento. .. E) Asimismo, líbrese oficio mediante exhorto a JP Morgan Chase Bank N.A. y Jefferies LLC a fin de que remitan informes acerca de otras cuentas o productos que pudieran existir de titularidad de Diego Fernando Rivero... Fdo. Virginia Simari Juez

<u>Parte actora</u>: (i) Diana Carolina Wahrlich, Documento Nacional de Identidad N° [redactado], con domicilio en la calle Echeverría 1950, Ingeniero Maschwitz, Partido de Escobar, Provincia de Buenos Aires, Argentina; y (ii) Marhild Margarita Rauert, Documento Nacional de Identidad N° [redactado], con domicilio en la calle Serrano 911, Boulogne, Partido de San Isidro, Provincia de Buenos Aires, Argentina.

<u>Parte demandada</u>: (i) "Rivero, Diego Fernando S/ Sucesión Ab-Intestato" Expediente N° 44187/2021 y/o quien resulte heredero y/o sucesor de cualquier carácter, que pudiese haber continuado la persona del Sr. Diego Fernando Rivero.

<u>Objeto y naturaleza del juicio</u>: Se trata de un procedimiento que versa sobre medidas cautelares (embargos) solicitadas por las actoras, a fin de salvaguardar sus derechos crediticios, cuya causa es el incumplimiento de obligaciones asumidas por el Sr. Diego Fernando Rivero.

Se hace constar que el Juzgado y Secretaría son competentes en virtud de la materia, territorio y grado.

El presente exhorto diplomático se libra en los términos de: (i) el artículo 132 del Código Procesal Civil y Comercial de la República Argentina; (ii) Convención Interamericana Sobre Exhortos o Cartas Rogatorias- Panamá 1975; y (iii) Convención sobre la Obtención de Pruebas en el extranjero en Materia Civil y Comercial – La Haya, 1970 (ratificada por Ley 23.480 de la República Argentina).

Se autoriza a diligenciar el presente exhorto diplomático a Miguel Angel Carchio y/o José Luís Tamagnini y/o Hernán Miguel Zaballa

y/o Facundo Federico Frúgoli y/o Jacinto Tyrrell y/o Magdalena Lucía Zaballa y/o quien cualquiera de ellos designe.

Ruego y Exhorto a Vuestra Señoría quiera dar al presente el debido cumplimiento ofreciendo reciprocidad para casos análogos.

Dado, Sellado y Firmado en sala de mi público despacho, en la Ciudad Autónoma de Ciudad Autónoma de Buenos Aires, República Argentina, a los _10_ días del mes de marzo de 2022.

Saludo a usted muy atentamente.

VIRGINIA SIMARI
JUEZ

VIRGINIA SIMARI
JUEZ

MARIA JOSE ALONSO
SECRETARIA

MARIA JOSE ALONSO
SECRETARIA

Firma válida
Digitally signed by MARIA ALONSO
Date: 2022.03.10 12:17:50 ART

Firma válida
Digitally signed by VIRGINIA SIMARI
Date: 2022.03.10 16:50:26 ART



#35741395#318266093#20220310121646677

# Exhibit B

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| IN RE:  LETTER ROGATORY FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE CIVIL TRIAL COURT NO. 75 BUENOS AIRES, ARGENTINA, IN THE MATTER OF DIANA CAROLINA WAHRLICH, ET AL v. DIEGO FERNANDO RIVERO | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.    M 93

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Bank of New York Mellon
         240 Greenwich Street, New York, NY 10286

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Pursuant to the letter rogatory attached as Rider A.

| Place: U.S. Attorney's Office, Southern District of New York<br>         86 Chambers Street, 3rd Floor, New York, NY 10007 | Date and Time: |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    U.S.A. on behalf of
 the Civil Trial Court No. 75, Buenos Aires, Argentina                          , who issues or requests this subpoena, are:
Ilan Stein, Assistant United States Attorney, U.S. Attorney's Office for the Southern District of New York,
86 Chambers Street, 3rd Floor, New York, NY 10007.  Email:  ilan.stein@usdoj.gov.  Tel.:  212-637-2525

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No.  M 93

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Bank of New York Mellon

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                  *Server's signature*

                                            _____
                                                  *Printed name and title*

                                            _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Rider A

TRADUCCIÓN PÚBLICA ------------------------------------------------------------

CERTIFIED TRANSLATION --------------------------------------------------------

LETTER ROGATORY -------------------------------------------------------------

[*At the top of each front page there appear the Argentine Coat of Arms and a legend that reads:*] Judicial Branch of Argentina. Civil Trial Court N.° 75. ----------------------------------

[*At the top of each front page and in between all the pages, there appears a seal with the Argentine Coat of Arms that reads:*] Civil Trial Court N.° 75 in and for the City of Buenos Aires. --------------------------------------------------------------------------

[*In between all the pages, there appear an illegible signature and a seal that reads:*] MARÍA JOSÉ ALONSO. Clerk of Court. ------------------------------------------------------------

[*At the bottom of each page, there appears a barcode:*] #35741395#318266093#20220310121646677. -----------------------------------------

LETTER ROGATORY -------------------------------------------------------------

JUDGE VIRGINIA SIMARI, SITTING IN CIVIL TRIAL COURT N.° 75 IN AND FOR THE CITY OF BUENOS AIRES, SINGLE CLERK'S OFFICE IN CHARGE OF MARÍA JOSÉ ALONSO, Esq., located at Av. de los Inmigrantes 1950, ground floor, City of Buenos Aires, Argentine Republic, Tel.: 4130-6092, email: jncivil75@pjn.gov.ar. ------------------------------

PRESENTS ITS COMPLIMENTS TO THE APPROPRIATE JUDICIAL AUTHORITY IN CIVIL MATTERS IN AND FOR THE CITY OF NEW YORK, UNITED STATES OF AMERICA. --------

GREETINGS. --------------------------------------------------------------------

In the case captioned **"WAHRLICH, DIANA CAROLINA Y OTRO c/ RIVERO, DIEGO FERNANDO, S/ SUCESION AB-INTESTATO s/ MEDIDAS PRECAUTORIAS. Case N.° 61188/2021** ("WAHRLICH, DIANA CAROLINA ET AL. vs. RIVERO, DIEGO FERNANDO. INTESTACY SUCCESSION - PRECAUTIONARY MEASURES". CASE N.° 61188/2021), pending before this Court, this Letter Rogatory has been ordered to be issued so that the Judicial Authority in Civil Matters shall, in accordance with the legal proceedings currently in

1

force, require **The Bank of New York Mellon,** with address at <u>240 Greenwich Street, New York, NY 10286, United States of America</u>: (i) to submit report on any existing funds and/or balances -as at the date of reception of the Letter Rogatory- in bank account N.° ▮▮▮▮▮▮, BRANCH 021000018, owned/held by Mr. Diego Fernando Rivero, with registered domicile at 20533 Biscayne Blvd Suite 107, Aventura FL 33180-1529; (ii) to submit to the case file pending before this Court copy of banking statements of year 2020 and 2021, with detail of all debits and/or credits, and/or any other transaction of said account, as at the date of reception of the Letter Rogatory; (iii) to inform whether said account has any other joint-holders, besides Mr. Diego Fernando Rivero, and submit detailed data to individualize their identities; (iv) to inform whether in that institution Mr. Diego Fernando Rivero and/or any other joint-holders of the account, have acquired other financial products, equity interest, equity, loans to third parties, etc., providing detailed data of those products, shareholdings, amounts and quotes; (v) to inform about the existence of any investment of any type whatsoever in the name of/held by Diego Fernando Rivero in that institution; (vi) to inform whether any withdrawal and/or any other banking transaction were made related to Diego Fernando Rivero after 04/12/2021 and, in that case, to provide details of the type, amount, and destination of the transactions, with identification of the brokers involved. ------------------

<u>Be it known:</u> (a) Financial institution: The Bank of New York Mellon, with address at 240 Greenwich Street, New York, NY 10286, United States of America; (b) Account owner/holder and/or agent, and/or beneficiary, and/or authorized person, and/or manager, and/or any other person in any other capacity acting for Mr. Diego Fernando Rivero, with domicile at Av. Del Libertador 2630, Piso 5 "A", City of Buenos Aires, ID [DNI] N.° ▮▮▮▮▮▮, born on ▮▮▮▮▮▮ ▮▮▮▮▮▮, who does not have domicile in the United States of America, and does not have a Social Security Number in said country.-------------------------------------------------------------

<u>Transcription of the court decision ordering the issuance hereof:</u> "In Buenos Aires, on February 20, 2021. In response to the petition, for the same purposes and effects as

2

provided for in item A) of procedural order dated on August 20, 2021, it is hereby ordered that a Letter Rogatory be issued to The Bank of New York Mellon [...]." Signed: Virginia Simari, Judge.----------------------------------------------------------------------------------------------------

"In Buenos Aires, on August 20, 2021 [...] in accordance with section 209 of the Procedural Code, under responsibility of the former and prior personal recognizance, which is deemed to have been fulfilled with the appearance before this Court, it is hereby ordered that an attachment in the amount of USD 756,000 (Seven hundred, fifty-six thousand United States Dollars), and USD 378,000 (Three hundred seventy-eight thousand United States Dollars) as interest and legal costs, be levied upon: A) the funds deposited in bank account No. _____ with JP Morgan Chase Bank N.A., provided it is in the name of JP Morgan Chase Bank N.A., and Jefferies LLC; to submit reports about any other accounts or any other products which may be held by Diego Fernando Rivero. To that end, it is hereby ordered that a Letter Rogatory be issued, listing the persons authorized to take care of the processing thereof [...] E) Further, a Letter Rogatory be issued to JP Morgan Chase Bank N.A. and Jefferies LLC, to submit reports about any other accounts or any other products which may be held by Diego Fernando Rivera [...]" Signed: Virginia Simari, Judge. ----------------------------

Plaintiff: (i) Diana Carolina Wahrlich, ID [DNI] N.° _____, with domicile at Echeverría 1950, Ingeniero Maschwitz, Escobar, Province of Buenos Aires, Argentina, and (ii) Marhild Margarita Rauert, ID [DNI] N.° _____, with domicile at Serrano 911, Boulogne, San Isidro, Province of Buenos Aires, Argentina. -----------------------------------------------------------------

Defendant: (i) "Rivero, Diego Fernando on Intestacy Succession" Case N.° 44187/2021 and/or his heirs and/or successors in any capacity, who might have any right or interest in the estate of Mr. Diego Fernando Rivero. ------------------------------------------------------------------

Purpose and nature of the case: It is a procedure in connection with precautionary measures (attachments), requested by the Plaintiffs in order to preserve their credit rights and claims, grounded on Mr. Diego Fernando Rivero's failure to comply with his obligations. ----------------

3

It is hereby stated that this Court and the Clerk's Office has subject-matter, territorial and original jurisdiction over this case. ---------------------------------------------------------------------

This Letter Rogatory is issued in accordance with: (i) Section 132 of the Civil and Commercial Procedural Code of the Argentine Republic; and (ii) the Inter-American Convention on Letters Rogatory – Panama, 1975; and (iii) the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, 1970, (passed under Law 23480 of the Argentine Republic)..------------------------------------------------------------------------

Authorization to serve this Letter rogatory by diplomatic channels is hereby granted to Miguel Angel Carchio, and/or José Luís Tamagnini, and/or Hernán Miguel Zaballa, and/or Facundo Federico Frúgoli, and/or Jacinto Tyrrell and/or Magdalena Lucía Zaballa, and/or any other designee.--------------------------------------------------------------------------------------------

Therefore, this Court requests the Judicial Authority in Civil Matters in and for the City of New York, United States, to faithfully execute this Letter Rogatory, and offers to provide assistance in similar cases when requested. ------------------------------------------------------------

Signed, sealed and delivered in my capacity as Judge, in the City of Buenos Aires, Argentine Republic, on March 10, 2022. -------------------------------------------------------------------------

[There follow two illegible signatures and seals, below which there appear the following printed names:] VIRGINIA SIMARI, Judge; MARÍA JOSÉ ALONSO, Clerk of Court. --------------------------------------------------------------------------------

Valid signature. Digitally signed by MARIA ALONSO; Date: 2022.03.10; 12:17:50 ART.-----------------------------------------------------------------------------------------

Valid signature. Digitally signed by VIRGINIA SIMARI; Date: 2022.03.10; 16:50:26 ART. ----------------------------------------------------------------------------------------

THIS IS A TRUE AND ACCURATE TRANSLATION into English of the attached document in Spanish, which I have had before me. In Buenos Aires, Argentina, March 17, 2022. This translation comprises five (5) pages and was digitally signed. ------------------------------------

[*For certification purposes only:*]-------------------------------------------------------------------------

ES TRADUCCIÓN FIEL al idioma inglés del documento adjunto redactado en idioma español que tuve ante mí y al cual me remito, en Buenos Aires, Argentina, a los 17 días del mes de marzo de 2022. Esta traducción consta de cinco (5) páginas y fue firmada digitalmente.----------------------------------------------------------------------------------------



**MARÍA ESTHER FERNÁNDEZ**
**TRADUCTORA PÚBLICA EN IDIOMA INGLÉS**
**MAT. Tº XXII Fº 104 C.A.B.A.**
**INSCRIPCION C.T.P.C.B.A. Nº 8707**

Digitally signed by
FERNÁNDEZ Maria
Esther
Date: 2022.03.17
18:19:46 -03'00'
Adobe Acrobat
version:
2022.001.20085

 

# COLEGIO DE TRADUCTORES PÚBLICOS
# DE LA CIUDAD DE BUENOS AIRES

República Argentina
Ley 20305

# LEGALIZACIÓN

El COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES, en virtud de la facultad que le confiere el artículo 10 inc. d) de la Ley 20305, certifica que el/la Traductor/a Público/a **FERNÁNDEZ, MARÍA ESTHER**

cuya firma digital consta en la traducción pública adjunta, se encuentra matriculado/a en esta institución en el idioma **INGLÉS [TOMO 22 - FOLIO 104]**

Asimismo, se deja constancia de que el/la profesional está habilitado/a por esta institución para firmar documentos en su calidad de Traductor/a Público/a.

Firmado digitalmente por **DUARTE, MATÍAS GERMÁN**

Identificador de legalización:

Ciudad Autónoma de Buenos Aires, **18/03/2022**

**Departamento de Legalizaciones**
Firma de Traductor Legalizada

Firmado digitalmente por DUARTE Matias German
Fecha: 2022.03.18 14:57:42 -03'00'

Legalización firmada digitalmente conforme a la Ley 25506, a la Ley 2751 y sus reglamentaciones complementarias.

ESTA LEGALIZACIÓN NO IMPLICA JUICIO ALGUNO SOBRE EL CONTENIDO DE LA TRADUCCIÓN PÚBLICA Y SERÁ VÁLIDA ÚNICAMENTE SI ESTÁ FIRMADA DIGITALMENTE POR LA PERSONA DEBIDAMENTE AUTORIZADA POR EL CTPCBA.

Para verificar documentos digitales, ingrese a:
https://firmar.gob.ar/validar.html
Para saber cómo visualizar la totalidad de los documentos embebidos en este archivo .pdf, ingrese a:
https://www.traductores.org.ar/matriculados/firma-digital/
Para verificar la validez de esta legalización, ingrese a:
https://www.traductores.org.ar/publico/como-verifico-una-legalizacion-digital/

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas.



**Colegio de Traductores Públicos**
de la Ciudad de Buenos Aires

By virtue of the authority vested in the COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Buenos Aires Sworn Translators Association), by Argentine law No. 20305 section 10(d), I hereby CERTIFY that the Certified Translator whose digital signature is affixed on the document attached hereto is registered with this Association. This certification does not imply any opinion on the contents of the translation and will be valid only if digitally signed by the duly authorized signatory of the CTPCBA.

Vu par le COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Ordre des Traducteurs Officiels de la ville de Buenos Aires), en vertu des attributions qui lui ont été accordées par l'article 10, alinéa d) de la Loi n° 20305, CERTIFIE que le Traducteur/Traductrice Officiel/le, dont la signature numérique est apposée sur le document ci-joint, est inscrit/e à cette Institution. Cette légalisation n'implique aucun avis sur le contenu de la traduction et ne sera pas valable sans la signature numérique du fonctionnaire habilité par le CTPCBA.

Il COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Ordine dei Traduttori abilitati della Citta di Buenos Aires) , in virtù delle facoltà conferite dall'articolo 10, lettera d) della legge 20.305, CERTIFICA che la Traduttrice Giurata/il Traduttore Giurato, la cui firma digitale si riporta sul documento allegato, è registrata/o presso questo Ente. Questa legalizzazione non prevede alcun giudizio sul contenuto della traduzione e non sarà valida senza la relativa firma digitale del funzionario autorizzato dal CTPCBA.

Por meio desta legalização, o COLEGIO DE TRADUCTORES PÚBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Colégio dos Tradutores Públicos da Cidade de Buenos Aires), no uso de suas atribuições e em conformidade com o artigo 10, alínea "d", da Lei 20.305, CERTIFICA que a Tradutora Pública/o Tradutor Público cuja assinatura digital consta no documento anexo, está inscrita/o nesta instituição. Este reconhecimento não diz a respeito do conteúdo da tradução e não será válido sem a assinatura digital correspondente ao funcionário habilitado pelo CTPCBA.

COLEGIO DE TRADUCTORES PUBLICOS DE LA CIUDAD DE BUENOS AIRES (CTPCBA) (Kammer der vereidigten Übersetzerinnen und Übersetzer der Stadt Buenos Aires). Kraft der Befugnisse, die ihr gem. Art. 10 Abs. d) des Gesetzes Nr. 20.305 zustehen, bescheinigt diese Kammer hiermit lediglich, dass die vereidigte Übersetzerin bzw. der vereidigte Übersetzer, deren/dessen digitale Signatur auf vorstehend beigefügter Urkunde gesetzt ist, dieser Berufskammer angehört. Diese Beglaubigung bezieht sich nicht auf den Inhalt der Übersetzung und ist nur mit der entsprechenden digitalen Signatur der bzw. des von der CTPCBA ermächtigten Bestätigungsbefugten gültig.

Avda. Corrientes 1834 – C1045AAN – Ciudad Autónoma de Buenos Aires – Tel.: 4373-7173 y líneas rotativas.




Poder Judicial de la Nación

## JUZGADO CIVIL 75

**EXHORTO**

De la Dra. Virginia Simari, Juez a cargo del Juzgado Nacional de Primera Instancia en lo Civil N° 75, Secretaría Única a cargo de la Dra. María José Alonso, sito en la Av. de los Inmigrantes 1950, planta baja, Ciudad Autónoma de Buenos Aires, República Argentina, teléfono: 4130-6092, correo electrónico: jncivil75@pjn.gov.ar.

Al Sr. Juez en materia Civil que corresponda, con jurisdicción y competencia en Estado de Nueva York, Estados Unidos.

**SALUDA, EXHORTA Y HACE SABER** que ante el mencionado Juzgado a mi cargo, tramitan los autos caratulados: **"WAHRLICH, DIANA CAROLINA Y OTRO c/ RIVERO, DIEGO FERNANDO S/ SUCESION AB-INTESTATO s/ MEDIDAS PRECAUTORIAS" EXPEDIENTE N° 61188/2021,** en el marco de los cuales he resuelto el libramiento del presente exhorto a fin de que Vuestra Señoría, de acuerdo con los procedimientos legales vigentes, exhorte al banco **The Bank of New York Mellon,** sito en 240 Greenwich Street New York, NY 10286, Estados Unidos, a los fines de que: i) remita informe sobre los montos y/o saldos existentes -a la fecha de recepción del exhorto- en la cuenta bancaria N° ▮▮▮▮▮▮▮, SUCURSAL 021000018, de titularidad del Sr. Diego Fernando Rivero con domicilio registrado 20533 Biscayne Blvd Suit 107 Aventura FL 33180-1529; (ii) remitan al expediente copias de los extractos bancarios de los años 2020 y 2021, donde consten todos los ingresos y/o egresos y/o movimientos en la cuenta antes referida, hasta la recepción del exhorto; (iii) informen si la mencionada cuenta posee otros titulares además del Sr. Diego Fernando Rivero, aportando detalladamente los datos que permitan individualizar su identidad; (iv) informen si en su entidad existen otros productos financieros contratados por el Sr. Diego Fernando Rivero y/o cotitulares de la cuenta, participaciones accionarias, equity, préstamos a terceros, etc.

#35741395#318266093#20220310121646677

brindando con rigor de detalle los datos de identificación de dichos productos, tenencias, montos y cotizaciones; (v) informe la existencia de toda inversión de titularidad del Sr. Diego Fernando Rivero existente bajo la órbita de la entidad, bajo la modalidad que fuere; (vi) informe si hubo retiros y/o movimientos bancarios correspondientes al Sr. Diego Fernando Rivero, posteriores al 12/04/2021 y en su caso, bajo que formas, cuál fue el destino y quiénes fueron los operadores.

<u>Se hace constar lo siguiente</u>: a) Datos de la entidad: The Bank of New York Mellon, sito en 240 Greenwich Street New York, NY 10286, Estados Unidos; b) Datos del titular y/o apoderado y/o beneficiario y/o autorizado y/o administrador y/o cualquier otro carácter: Sr. Diego Fernando Rivero, con domicilio en Av. del Libertador 2630, piso 5°, departamento "A", Ciudad Autónoma de Buenos Aires, Documento Nacional de Identidad N° ████████, fecha de nacimiento ████████ ████, quien no posee domicilio en Estados Unidos y no posee número de Seguridad Social en dicho país.

<u>Transcripción de la resolución que ordena el libramiento del presente</u>: "Buenos Aires, 20 de febrero de 2021.- En atención a lo solicitado, a los mismos fines y efectos que el ordenado en el punto A) del proveído del 20 de agosto del 2021, líbrese exhorto a The Bank of New York Mellon (…)." Fdo.: Dra. Virginia Simari, Juez.

"Buenos Aires, 20 de agosto de 2021... de conformidad con lo dispuesto por el art. 209 del Cód. Procesal, bajo responsabilidad de aquellas y previa caución juratoria, la que se tiene por cumplida con la presentación a despacho, trábese embargo preventivo por la suma de u$s 756.000 con más la de u$s 378.000 en concepto de intereses y costas sobre: A) los fondos depositados en la cuenta bancaria N° ████████ radicada ante el JP Morgan Chase Bank N.A., siempre que se encuentre a nombre de JP Morgan Chase Bank N.A. y Jefferies LLC remitan informes acerca de otras cuentas o productos que pudieran existir de titularidad de Diego Fernando Rivero. A tal fin,



líbrese exhorto, en el que se hará constar las personas autorizadas para su diligenciamiento. .. E) Asimismo, líbrese oficio mediante exhorto a JP Morgan Chase Bank N.A. y Jefferies LLC a fin de que remitan informes acerca de otras cuentas o productos que pudieran existir de titularidad de Diego Fernando Rivero... Fdo. Virginia Simari Juez

<u>Parte actora</u>: (i) Diana Carolina Wahrlich, Documento Nacional de Identidad N°　　　　, con domicilio en la calle Echeverría 1950, Ingeniero Maschwitz, Partido de Escobar, Provincia de Buenos Aires, Argentina; y (ii) Marhild Margarita Rauert, Documento Nacional de Identidad N°　　　　, con domicilio en la calle Serrano 911, Boulogne, Partido de San Isidro, Provincia de Buenos Aires, Argentina.

<u>Parte demandada</u>: (i) "Rivero, Diego Fernando S/ Sucesión Ab-Intestato" Expediente N° 44187/2021 y/o quien resulte heredero y/o sucesor de cualquier carácter, que pudiese haber continuado la persona del Sr. Diego Fernando Rivero.

<u>Objeto y naturaleza del juicio</u>: Se trata de un procedimiento que versa sobre medidas cautelares (embargos) solicitadas por las actoras, a fin de salvaguardar sus derechos crediticios, cuya causa es el incumplimiento de obligaciones asumidas por el Sr. Diego Fernando Rivero.

Se hace constar que el Juzgado y Secretaría son competentes en virtud de la materia, territorio y grado.

El presente exhorto diplomático se libra en los términos de: (i) el artículo 132 del Código Procesal Civil y Comercial de la República Argentina; (ii) Convención Interamericana Sobre Exhortos o Cartas Rogatorias- Panamá 1975; y (iii) Convención sobre la Obtención de Pruebas en el extranjero en Materia Civil y Comercial – La Haya, 1970 (ratificada por Ley 23.480 de la República Argentina).

Se autoriza a diligenciar el presente exhorto diplomático a Miguel Angel Carchio y/o José Luís Tamagnini y/o Hernán Miguel Zaballa

y/o Facundo Federico Frúgoli y/o Jacinto Tyrrell y/o Magdalena Lucía Zaballa y/o quien cualquiera de ellos designe.

Ruego y Exhorto a Vuestra Señoría quiera dar al presente el debido cumplimiento ofreciendo reciprocidad para casos análogos.

Dado, Sellado y Firmado en sala de mi público despacho, en la Ciudad Autónoma de Ciudad Autónoma de Buenos Aires, República Argentina, a los _____ días del mes de marzo de 2022.

Saludo a usted muy atentamente.

VIRGINIA SIMARI
JUEZ

VIRGINIA SIMARI
JUEZ

MARIA JOSE ALONSO
SECRETARIA

MARIA JOSE ALONSO
SECRETARIA

Firma válida
Digitally signed by MARIA ALONSO
Date: 2022.03.... 2:17:50 ART

Firma válida
Digitally signed by VIRGINIA SIMARI
Date: 2022.03.10 16:50:26 ART



#35741395#318266093#20220310121646677

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE:                                    :    *EX PARTE* ORDER
                                          :
LETTER ROGATORY FOR                       :    M 93
INTERNATIONAL JUDICIAL                    :
ASSISTANCE FROM THE CIVIL                 :
TRIAL COURT NO. 75 BUENOS AIRES,          :
ARGENTINA, IN THE MATTER OF               :
DIANA CAROLINA WAHRLICH, ET AL.           :
v. DIEGO FERNANDO RIVERO                   :
-----------------------------------------------------x

WHEREAS, the United States of America, by its attorney, Damian Williams,

United States Attorney for the Southern District of New York, on behalf of the Civil Trial Court

No. 75, Buenos Aires, Argentina, is seeking to obtain information from Bank of New York

Mellon, in New York, New York, for use in connection with a judicial proceeding pending in

that court captioned "Diana Carolina Wahrlich, et al. v. Diego Fernando Rivero";

NOW THEREFORE, it is hereby ORDERED, pursuant to 28 U.S.C. § 1782(a)

and Rule 28(a) of the Federal Rules of Civil Procedure, that Ilan Stein, Assistant United States

Attorney, Southern District of New York, be and hereby is appointed as Commissioner, to take

such lawful steps as are necessary to obtain information from Bank of New York Mellon and to

submit said information to the United States Attorney for the Southern District of New York for

transmission to the United States Department of Justice or its designee.

IT IS FURTHER ORDERED that the United States Attorney's Office shall serve

Bank of New York Mellon with a copy of this Order and the accompanying documents.

Dated: New York, New York
        _____ ____, 2022


        _____
        UNITED STATES DISTRICT JUDGE